```
     FILED      ENTERED
     LODGED     RECEIVED
         APR  7 2008    DJ
              AT SEATTLE
       CLERK U.S. DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
                              DEPUTY
```

08-CV-00542-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KERRY LEACH,

    Plaintiff,

v.

NATIONAL CREDIT SERVICE, INCORPORATED,

    Defendant.

Case No.: C08-0542

COMPLAINT FOR VIOLATION OF THE FDCPA, WASHINGTON STATE'S CONSUMER PROTECTION ACT AND INVASION OR PRIVACY

Comes now Plaintiff, KERRY LEACH, by and through her attorney of record, and for her Complaint against the Defendant hereby complains and alleges as follows:

## I. INTRODUCTION

This is an action arising under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq* (hereinafter "FDCPA") for violations of the FDCPA which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and the Washington Collection Agency Act, RCW, §19.16.250 *et seq* which provides for damages applicable under the Washington State Consumer Protection Act, RCW, §19.86.  RCW §§19.16.440 and §19.16.450.

## II. JURISDICTION

This Court has jurisdiction over this civil action under 28 U.S.C. §1692k(d), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.  Venue in this District is



proper in that the Ms. Leach transacts business here and the conduct complained of occurred here.

### III. PARTIES

3.1 Kerry Leach (hereinafter "Ms. Leach") is a resident of King County, Washington.

3.2 Defendant National Credit Service, Incorporated (hereinafter "NCS") is a corporation licensed to do business in the state of Washington and conducts business in the State of Washington allegedly providing debt collection services.

### IV. FACTUAL ALLEGATIONS

4.1 Plaintiff is Kerry Leach. Ms. Leach's address is 20819 NE 5th Place, Bellevue, WA 98005 and she has received collection communication from NCS at that address.

4.2 Defendant is National Credit Service, Inc. NCS has an office for the regular transaction of business at 117704 134th Ave NE, Woodinville, WA 98072.

4.3 NCS is believed to be engaged in the business of debt collection.

4.4 NCS has attempted to collect debts from residents of the State of Washington, including specifically the debt alleged due and owing by the Plaintiff.

4.5 NCS regularly engages in the collection of consumer debts by the use of mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another.

4.6 NCS is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

4.7 On April 25, 2007, the Ms. Leach's attorney, Christina M. Latta and Seattle Debt Law, LLC, informed NCS in writing that the Ms. Leach had retained an attorney and that all communication in connection with the debt should be forwarded to the attorney.

4.8 In disregard of the letters informing NCS to cease communication with the Ms. Leach, NCS called the Ms. Leach concerning the alleged debt on June 26, 2007.

COMPLAINT FOR VIOLATION OF THE FDCPA,
WASHINGTON STATE'S CONSUMER PROTECTION
ACT AND INVASION OR PRIVACY PAGE 2

SEATTLE DEBT LAW, LLC
705 SECOND AVE., SUITE 501
SEATTLE, WA 98104

4.9     On the following day, June 27, 2007, Sarah, an employee of the NCS contacted a non-related third party at about 4:00pm and left a phone message. The non-related third party, Wade Leach, called back the phone number and asked to speak to the supervisor and was sent to voicemail. Mr. Leach left a phone message informing NCS that he was not related to Kerry Leach and not to contact him again or attempt to put anything on his credit record.

4.10    On June 25, 2007 at 4:02pm, NCS contacted Ms. Leach's at her home regarding NSF checks they were collecting on. Ms. Leach informed NCS employee that he was not to call her at home and that all future calls regarding this debt should be forwarded to her attorney, Christina M. Latta of Seattle Debt Law. He was also given her attorney's telephone number.

4.11    On July 2, 2007, Greg, an employee of NCS contacted a non-related third party, Wade Leach concerning Ms. Leach's debts. He informed Greg that he was not married to the Ms. Leach or related to her and that he should quit calling and harassing him. He also informed him that he was not married to her and not related.

4.12    On July 12, 2007, Ms. Leach sent a letter to NCS requesting verification of the Debt allegedly owed and a demand for no future telephone contact. This letter was received by NCS on July 16, 2007 as evidenced by a certified mail confirmation receipt.

4.13    On July 20, 2007, NCS sent a verification letter with copies of NSF checks #2888 and #2894 signed by Dave England, Collection Manager.

4.14    On or about September 26, 2007, a collector named "Brian" who was employed NCS, contacted Ms. Leach and an unrelated third party via postal mail to collect a debt for an alleged NSF check#2888 made out to Check Masters in the amount of $575.00, an NSF check#2894 also made out to Check Masters in the amount of $575.00, and an NSF check# 3201 made out to U-Park SYS in the amount of $10.00.

4.15    The U-Park SYS parking ticket was paid by NCS on September 20, 2002 and is evidenced by a canceled check from her US Bank account.

4.16   Since then, NCS has continued to contact the Ms. Leach and harass her periodically.

4.17   There is no lawsuit filed or pending against the Ms. Leach by NCS as of the date of the filing of this Complaint.

4.18   The NCS actions in attempting to serve Ms. Leach at her brother's address were intended to coerce and intimidate.

## V. CAUSES OF ACTION

### First Cause of Action

### Fair Debt Collection Practices Act

5.1   Ms. Leach repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

5.2   NCS violated the FDCPA. NCS violations include, but are not limited to the following:

a)   NCS violated 15 U.S.C. §1692c(b) by contacting a third party, Ms. Leach non-related boyfriend, without Ms. Leach's prior consent.

b)   The Defendants violated 15 U.S.C. §1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by Defendants on a debt that was paid and is not owed.

c)   NCS violated 15 U.S.C. §1692c(c) by contacting Ms. Leach after Ms. Leach had requested NCS cease communication with the her.

d)   NCS violated 15 U.S.C. §1692g by making a threat of suit during the debt validation request period in a manner that overshadowed the notice of validation rights and would create confusion for a least sophisticated consumer about her rights.

COMPLAINT FOR VIOLATION OF THE FDCPA,
WASHINGTON STATE'S CONSUMER PROTECTION
ACT AND INVASION OR PRIVACY PAGE 4

SEATTLE DEBT LAW, LLC
705 SECOND AVE, SUITE 501
SEATTLE, WA 98104

    e)    NCS violated 15 U.S.C. §1692g(b) by failing to provide verification of the parking ticket debt and continuing its debt collection efforts after Ms. Leach had disputed the debt in writing within thirty days of receiving notice of the 15 U.S.C. §1692g debt validation rights.

    f)    As a result of the above violations of the FDCPA, NCS is liable to Ms. Leach for declaratory judgment that NCS conduct violated the FDCPA, and Ms. Leach's actual damages, statutory damages and costs and attorney's fees.

### Second Cause of Action

### Violation of the Consumer Protection Act

5.3    Ms. Leach repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

5.4    NCS has violated RCW 19.16.250 which defines prohibited collection practices in the State of Washington. This activity is defined as unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW. RCW 19.16.440.

5.8.    This violation of the Consumer Protection Act is a *per se* violation NCS unfair and deceptive trade practices include, but are not limited to:

(a) NCS unfair and deceptive trade practice damaged Ms. Leach by causing financial distress, harm to her credit, and anguish over the involvement of an innocent family member in the collection of this debt.

(b) NCS unfair and deceptive trade practice damaged the Plaintiff by causing emotional distress and for its communication with Ms. Leach after notification in writing from an attorney representing Ms. Leach that all further communications relative to a claim should be addressed to the attorney.

DATED this 4th day of April, 2008.

SEATTLE DEBT LAW, LLC

_____
Christina Latta, WSBA 31273
Attorney for Plaintiff

COMPLAINT FOR VIOLATION OF THE FDCPA,
WASHINGTON STATE'S CONSUMER PROTECTION
ACT AND INVASION OR PRIVACY PAGE 7

SEATTLE DEBT LAW, LLC
705 SECOND AVE, SUITE 501
SEATTLE, WA 98104